Filed 1/5/22  P. v. Burnette CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093139 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF02225) |
| v. | |
| PAUL JOSEPH BURNETTE, | |
| Defendant and Appellant. | |

Defendant Paul Joseph Burnette left his apartment in possession of cocaine and a loaded firearm.  When approached by law enforcement officers, he ran away and, while running, ejected a fully-loaded magazine and a live round from the gun and tossed the gun and the ammunition away.  A jury found defendant guilty of possession of cocaine for sale, possession of cocaine with a loaded firearm, possession of a firearm by a felon, and possession of ammunition by a prohibited person.  On appeal, defendant argues his sentences for being a felon in possession of a firearm and possession of ammunition by a

1

prohibited person should be stayed pursuant to Penal Code section 654[1] because they arise from defendant's single act of leaving his home with cocaine and a loaded firearm. The Attorney General concedes this argument. We agree the sentences on two of the counts should be stayed and will remand for resentencing consistent with this opinion. We affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

A Butte County Interagency Narcotics Task Force team served a warrant to search defendant and his apartment in Chico. As the team was surveilling the area before serving the warrant, defendant walked out into the front yard of his apartment complex. One of the detectives drove up to defendant's location, got out of an unmarked car, and walked up to him. When he got about 30 feet from defendant, the detective said, "Hi, Paul." At that point, defendant looked up at the detective with a startled expression and yelled out, "Oh, fuck!" Defendant took off running. The detective pursued him.

As he was running away, defendant put his hands in his waistband and pulled out a black semiautomatic handgun. The detective testified defendant's actions were consistent with defendant removing the magazine from the gun. Defendant ran to a fence and put both hands over the fence and threw the gun over it. After he tossed the gun, defendant lay down on the ground in a prone position.

The pursuing detective found the unloaded gun on the other side of the fence. The detective also found a loaded magazine a few feet from where the gun was located and a single bullet on the ground between the gun and the magazine. The detective found a total of 11 bullets, which is the capacity of the gun (10 rounds in the magazine and one in the gun's chamber). The detective testified it is possible for a magazine to eject itself from a gun when it is tossed, but it would be difficult here because the magazine was

---

[1]     Undesignated statutory references are to the Penal Code.

found a good distance away from the gun. The locations of the gun and the magazine were more consistent with someone removing the magazine prior to throwing the gun. The prosecution produced evidence that drug dealers typically carry loaded guns and that only about 10 percent of drug dealers are not armed.

Upon searching defendant, detectives discovered he had an aspirin bottle that contained 13 baggies of cocaine in it and a cell phone. Defendant also had a gun holster concealed in his waistband.

During the search of defendant's bedroom, detectives located 331 grams of cocaine broken up into small amounts in baggies, as well as some larger chunks. This amount of cocaine was consistent with someone who had what would be considered an upper level cocaine business in Chico, and midlevel in the state.

The jury found defendant guilty of possession of cocaine for sale (Health & Saf. Code, § 11351—count 1); possession of cocaine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)—count 2); possession of a firearm by a felon (§ 29800, subd. (a)(1)—count 3); and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)—count 4).

The trial court sentenced defendant to the upper term of four years on count 1, possession of cocaine for sale. On count 2, the court sentenced defendant to a consecutive term of one year, one-third of the middle term, for possession of cocaine with a loaded firearm. For count 3, the court sentenced defendant to a consecutive term of eight months, one-third of the middle term, for possession of a firearm by a felon. On count 4, possession of ammunition by a prohibited person, the court sentenced defendant to a concurrent term of three years, the upper term. The court stated the separate consecutive and concurrent terms were imposed due to the "separate nature of the offense[s] committed."

3

DISCUSSION

I

*Penal Code Section 654*

Defendant contends the trial court erred when it failed to stay his sentences under section 654 for counts 3 and 4, being a felon in possession of a firearm and being a person prohibited from possessing ammunition. The Attorney General agrees. After examining the record, we concur.

Defendant did not object to his sentence in the trial court. This, however, does not preclude his claim on appeal. (*People v. Brents* (2012) 53 Cal.4th 599, 618 [sentence imposed in contravention of section 654 is unauthorized and thus subject to correction at any time].)

Turning to the merits, at the time of defendant's sentencing, section 654, subdivision (a) provided in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."[2]

---

[2] Effective January 1, 2022, Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518) amended section 654, subdivision (a) to read: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

We conclude that Assembly Bill 518 applies retroactively to this case. (*People v. Frahs* (2020) 9 Cal.5th 618, 629 [*Estrada* (*In re Estrada* (1965) 63 Cal.2d 740) rule of retroactivity applies to statutory changes that merely make a reduced punishment possible].) As amended, section 654 affords trial courts increased sentencing discretion. As relevant here, the bill eliminated the requirement that a trial court select the unstayed term from the provision that provides for the longest potential term of imprisonment. (Stats. 2021, ch. 441, § 1.) Accordingly, on remand, the trial court may exercise its expanded discretion under section 654, as amended by Assembly Bill 518.

4

As the Supreme Court explained in *People v. Harrison* (1989) 48 Cal.3d 321, 335: "[S]ection 654 protects against multiple punishment, not multiple conviction. [Citation.] The statute itself literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission.' [Citation.] However, because the statute is intended to ensure that defendant is punished 'commensurate with his culpability' [citation], its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' "

"Whether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry, because the statutory reference to an 'act or omission' may include not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective. [Citations.]" (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) We first consider whether the different crimes were completed by a " 'single physical act.' " (*Ibid.*) "If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single ' "intent and objective" ' or multiple intents and objectives. [Citations.]" (*Ibid.*)

"It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] We have traditionally observed if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People v. Harrison, supra*, 48 Cal.3d at p. 335.)

5

In *People v. Lopez* (2004) 119 Cal.App.4th 132, 137, the court held section 654 barred multiple punishment for the defendant's convictions for unlawful possession of a firearm and unlawful possession of ammunition, based on his possession of a single loaded firearm. The court reasoned although possession of an unloaded firearm could assist someone in committing another crime, such as frightening or clubbing the victim, ammunition alone cannot be used in a similar fashion. (*Lopez, supra*, at p. 138.) Accordingly, the court found the defendant's single intent was to possess a loaded firearm. (*Id*. at pp. 138-139.)

Similarly, in *People v. Washington* (2021) 61 Cal.App.5th 776, the court concluded a defendant could not be sentenced for both possession of drugs with a firearm and possession of a firearm by a felon. (*Id*. at p. 797.) There, sheriff's deputies found the defendant in a garage with marijuana, cocaine, and methamphetamine. (*Id.* at pp. 783-784.) As officers approached, the defendant tossed a gun away. (*Ibid*.) The court concluded the defendant engaged in a single act that completed six different crimes: three counts of possession of three different controlled substances while armed and three counts of possession of a firearm by a felon. (*Id.* at pp. 781-782, 797-798.) The court vacated the defendant's sentence and remanded the matter for resentencing because defendant's convictions for possession of controlled substances while armed covered the same acts as the conviction for being a felon in possession of a firearm. (*Id.* at p. 799.) The court noted if the trial court sentenced defendant for possession of a firearm by a felon, he could not also be punished for possessing a controlled substance while armed. (*Ibid.*)

Here, defendant walked out of his apartment with a loaded gun and cocaine in his possession. When approached by law enforcement officers, he ran away and, in the process, unloaded the firearm and threw it and the ammunition it contained over a fence. Defendant's single act of possession of cocaine and a gun and its attendant ammunition were a single indivisible physical act. There is no way to slice his act into discrete intents

6

or objectives. The purpose of the ammunition was to render the gun usable. There was no evidence presented as to how or when defendant acquired the gun or for what purpose. Detectives did not find more bullets than the gun could hold. The solitary controlled substance in his possession was cocaine. Defendant's single intent was to possess cocaine with a loaded firearm. He was sentenced for this under count 2. Thus, the sentences for being a felon in possession of a firearm (count 3) and being a person prohibited from possessing ammunition (count 4) should have been stayed.

## DISPOSITION

The case is remanded to the trial court for resentencing consistent with this opinion and Assembly Bill 518. Following resentencing, the trial court shall prepare an amended abstract of judgment reflecting defendant's new sentence and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                                              KRAUSE          , J.



We concur:



      DUARTE          , Acting P. J.



      RENNER          , J.


7